## L. D. GARLICK ET AL.

### V.

## HANNAH J. SQUIRES.

*Homestead Estate—Foreclosure of Mortgage with Release of—Failure of Mortgagor to Redeem—Successive Redemptions by Judgment Creditors—Surplus on Last Sale—Whether Liable to Levy—Right of Homestead Attaches to.*

Appellee mortgaged real estate in which she had a homestead and in the mortgage released her homestead. The mortgage was foreclosed and she failed to redeem. Redemption was made by two judgment creditors successively, and on the second sale a surplus was realized. Appellants, who were also judgment creditors, levied on this surplus. Appellee notified the sheriff that she claimed this surplus, amounting to $508.26, by virtue of her right of homestead. *Held,* that the homestead right protected the money as against the appellants, who sought to levy on the same as the property of appellee, they not having succeeded to the right of the purchaser at the sale under the decree of foreclosure.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. GEORGE WARNER YOUNG, for appellants.

Messrs. HILL, HAVEN & HILL, for appellee.

MR. JUSTICE CARTWRIGHT. Hannah J. Squires was the owner in fee of five lots adjacent to each other, and occupied the same as a homestead, with her five minor children, the dwelling house standing upon two of the lots. On May 8, 1888, she mortgaged all said premises to the People's Loan and Homestead Association, to secure the sum of $1,400, and in said mortgage properly waived and released her right of homestead. Afterward the appellants, Catherine Zipf, Fuller & Hart and J. & H. Voigt, filed in the office of the clerk of the Circuit Court, transcripts of judgments obtained by them before justices of the peace, against her.

The mortgagee filed a bill to foreclose said mortgage, making the judgment creditors defendants with Mrs. Squires. At the January term, 1890, a decree was entered directing a sale of the premises for the payment of the amount due on the mortgage and costs, and by virtue of that decree the premises were sold April 10, 1890, in a body to said mortgagee for $1,365, the amount of debt and costs. Mrs. Squires did not redeem within the twelve months allowed to her for that purpose. The appellants did not redeem as judgment creditors after the expiration of the twelve months and within fifteen months, as they had a right to do.

There was a redemption, however, within the fifteen months, by T. H. Burke, a judgment creditor of Mrs. Squires, who sued out an execution on his judgment June 12, 1891, and paid to the sheriff the amount necessary to redeem from the sale under the decree. The sheriff filed the proper certificate of redemption and advertised the premises for sale on the Burke execution. On July 11, 1891, the premises were sold on Burke's execution in a body for $1,501.42, the amount of redemption money and Burke's judgment and costs, to George W. Young, acting as trustee for appellants. A certificate of purchase was issued to Young, and on the same day appellants sued out executions on their respective judgments. On the same day L. D. Garlick, another judgment creditor, sued out execution on his judgment and redeemed from the sale to Young on the Burke execution, by paying to the sheriff the amount necessary to redeem therefrom. The sheriff filed a certificate of redemption accordingly, and advertised the premises for sale on the Garlick execution. On August 8, 1891, the premises were again sold in a body on the Garlick execution for $2,128.68, to said George W. Young, still acting as trustee for appellants, and Young received a certificate of purchase therefor. Before this sale appellants had directed the sheriff to levy their executions on any surplus that might arise from the sale, and the sale yielded a surplus of $508.26, over and above the redemption money, and the amount of Garlick's execution and all costs. After the sale

appellants ordered the sheriff to levy their executions on this surplus. Mrs. Squires had no personal property except a small amount of household furniture not exceeding in value $50, which was exempt, and she still continued to occupy the premises with her five minor children, as before. She notified the sheriff that she claimed the surplus as the proceeds of her estate of homestead in the premises, and filed her petition in the case of Garlick v. Squires, in which the execution issued, asking for an order on the sheriff to pay the same to her. On a hearing of the petition the foregoing facts appeared by stipulation, and an order was made for the payment of the surplus to Mrs. Squires, and from that order this appeal was taken.

The question raised by the petition was whether the premises occupied by Mrs. Squires and sold on the Garlick execution were at that time owned or rightly possessed by her so that she could have an estate of homestead therein which would attach to the surplus. Appellants contend that she had lost her estate and ceased to have any right or interest in the premises on account of her failure to redeem from the sale under the decree of foreclosure within twelve months from said sale. As she could not thereafter redeem from that sale and the title of the purchaser would become perfect and her title be divested after the expiration of the period of redemption upon a conveyance of the legal title by the master in chancery, it is claimed that she had ceased to have any interest whatever in the property. The question is, does the homestead continue after a mortgage sale and failure of the debtor to redeem and pending the period of redemption before the purchaser has received a deed? Appellants rely upon the decisions of the Supreme Court of this State, in Smith v. Mace, 26 N. E. Rep. 1092, and Herdman v. Cooper, 28 N. E. Rep. 1004, cited and approved in Schroder v. Bauer, 29 N. E. Rep. 560, as establishing the doctrine contended for by them.

In the case of Smith v. Mace it was said that by the legal effect of a mortgage releasing the homestead right the mortgagors authorized their homestead to be sold, and the

purchaser at the sale to acquire all the title thereto that they had, reserving to themselves only the right to redeem from the sale within twelve months, and that it must follow, when they failed to make the redemption, their rights were gone; that to allow a judgment creditor to redeem after the expiration of twelve months deprives the debtor of nothing that he would otherwise have, and that the sale, on the execution of the redeeming creditor, is of nothing that belongs to the debtor. In Herdman v. Cooper, there had been a foreclosure sale to Watson of property mortgaged to him by the Herdmans and they had failed to redeem within twelve months. There was a redemption by a judgment creditor, and it was said that the redemption and the purchase by the judgment creditor at the sale under his execution was of nothing which then belonged to the Herdmans, but of that only which but for that redemption, would have belonged to Watson. It is claimed that these cases are decisive of the proposition, that after the expiration of twelve months from the sale under the decree, the homestead and all rights of Mrs. Squires were gone. The language of those decisions must, however, be limited in its application to the same question being considered when it was employed. To enlarge the statement beyond the question considered and make it a general rule applicable in solving other questions would produce results not perhaps intended by the Supreme Court. The question in those cases was what title the purchaser acquired at the redemption sale and whether he took such title free from the estate of homestead. An effort was made to assert the homestead estate against such title, and it was held that the redeeming creditor was substituted for the purchaser at the first sale when the homestead was sold, and that it could not be asserted against such purchaser. In this case there is no question as to the title or right acquired by Young by his purchase at the sale when the surplus was created. It is conceded that he succeeded to the right of antecedent purchasers to whom the homestead was sold. He would acquire the full title upon receiving a deed of the premises. The point decided in those cases is not in

Garlick v. Squires.

question here. If it is to be understood in all cases that a sale on the execution of a redeeming creditor is a sale of nothing that belongs to the debtor, then no part of the proceeds of any such sale could belong to the debtor, and no matter how large a surplus might remain after satisfying all claims against him, he would have no right to it, because it is produced by, and stands in the place of land in which he had no right, and was the price of nothing which belongs to him. If what was said in the Herdman case applies to all sales, as a rule of property, and the sale is of nothing which belongs to the judgment debtor, but of something that but for the redemption would belong to the first purchaser, then such first purchaser, whose right is taken, would have a better right to the surplus than the owner, who failed to redeem in twelve months, but who still held the legal title. Yet, in Hart v. Wingart, 83 Ill. 282, where Solt had failed to redeem within twelve months from an execution sale to Wingart, he was held entitled to the balance of a surplus arising from a sale on a trust deed after paying the amount of Wingart's purchase and interest. It was not there thought that Solt had no interest in the premises of which he held the legal title, although his right of redemption was gone.

The right of redemption may be gone, but that is not what is sold. The premises are sold conditionally. If the sale produces no more than the redemption money and costs, nothing is sold, perhaps, which belongs to the original owner, but the redeeming creditor takes the place of the antecedent purchaser and it amounts to a mere substitution, and a deed is made; but if the sale produces more, then the excess is to be applied on the execution against the debtor to the extent of that claim, and if there is a surplus above all claims it goes to the original owner. If more than redemption money and costs is realized, there is further right of redemption with a right of the purchaser to an increased amount for the interest acquired. In that event, so far as it exceeds the original sale, something is acquired that did not then belong to the antecedent purchaser, and the proceeds of the enlarged conditions are applied on the debt of the

original owner. This must be because there was a sale of something in which he had a beneficial interest. The relation of a purchaser at a sale under decree or execution, to the title, is of statutory creation, and the purchaser acquires only such rights as the statute confers. The purchaser at the sale under the decree was not invested with the title to these premises, but acquired only a right to a conveyance of such title in case the premises should not be redeemed, and on the further condition that such conveyance should be made within the time limited by statute.

Upon the failure of Mrs. Squires to redeem, the purchaser had not become the owner. The purchase was conditional, and until the end of the period of redemption the purchaser had neither legal title nor right of possession. Myers v. Manny, 63 Ill. 211. Mrs. Squires, it seems, had some interest in the premises as between her and appellants, or the public. She held the legal title and the right of possession which follows it, with the right to recover possession by suit or to recover damages for any interference with it. She was rightfully occupying the premises and entitled to the rents and profits. Until a deed should be made these were her rights against all the world. If the purchaser failed to take out a deed within five years after the expiration of the time of redemption the certificate would be void, and if Mrs. Squires had continued to live there it would be her homestead, not by any new title created in her, but by the same title she had all the time possessed. There would be a mere failure of the conditional statutory right to acquire that title by a conveyance. Appellants never had any lien on the homestead. Mrs. Squires always had a homestead as against their judgments and executions. They have never connected themselves by redemption with the first sale, which was paramount to the homestead right, so as to be substituted for the purchaser at that sale and subrogated to its rights, but they claim the right to levy on this money because it is the property of Mrs. Squires, produced, as they say, by a sale of something in which she had no beneficial interest. If it is not her money it is not subject to their

executions. If it is her money, as all concede it to be, it is so because it is the proceeds of real estate in which she had some beneficial interest. That interest, whatever it may be denominated, was one which could be sold on execution, but for the fact of the homestead in it. The homestead right protects the money which stands in the place of the land as against those who have not become entitled to the right of the purchaser at the sale under the decree. Young became entitled to those rights as purchaser at the Garlick redemption sale, but appellants, as execution creditors of Mrs. Squires, are in nowise connected with them, nor entitled to invoke them in their aid.

The judgment will be affirmed.

*Judgment affirmed.*